# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **EDWARD WAYNE SPARGUR,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. CIV-23-868-G |
| **COUNTRY PREFERRED INSURANCE COMPANY et al.,** | ) ) ) ) |
| **Defendants.** | ) ) |

## ORDER

Now before the Court is a Motion to Remand (Doc. No. 6) filed by Plaintiff Edward Wayne Spargur. Defendant Country Preferred Insurance Company ("CPIC") has filed a Response (Doc. No. 11), to which Plaintiff has replied (Doc. No. 14).

*I.    Plaintiff's Allegations*

Plaintiff originally filed this lawsuit in the District Court of Oklahoma County, Oklahoma, bringing claims under Oklahoma law against CPIC and against two additional defendants, Kevin DeWayne Robinson and Aron Garland. *See* Pet. (Doc. No. 1-2).

Plaintiff alleges that on March 9, 2021, Plaintiff provided Defendant Garland with his 2007 black Nissan so that Defendant Garland could perform mechanical repairs on the vehicle. *See id.* ¶¶ 10-13. Sometime after Plaintiff dropped off the vehicle, Defendant Garland and Defendant Robinson removed the vehicle from Oklahoma County. *Id.* ¶¶ 14-15. Plaintiff timely reported the theft to law enforcement. *Id.* ¶ 16.

On March 13, 2021, Defendant Robinson drove the vehicle off the paved roadway, causing it to get stuck, and the vehicle was subsequently struck by another motorist. *Id.* ¶

17. Defendant Garland also was an occupant of the vehicle. *Id.* ¶¶ 18-19. The accident caused significant damage and "total[led]" the vehicle. *Id.* ¶¶ 20-21.

The loss arising from the theft was covered by an insurance policy issued by CPIC. *Id.* ¶¶ 24-25. Plaintiff promptly reported the theft and loss to CPIC, but CPIC denied Plaintiff's claim even though the policy "specifically provided for theft coverage" and "for property damage coverage due to a loss from a motor vehicle crash." *Id.* ¶¶ 26-28.

II. *Procedural Background*

Plaintiff filed this action in state court on March 8, 2023, bringing claims for theft/conversion against Defendants Robinson and Garland and claims for breach of contract, breach of the duty of good faith and fair dealing, and punitive damages against CPIC. *See id.* ¶¶ 9-54. On October 2, 2023, CPIC removed the case to this Court on the basis of diversity jurisdiction, citing its own non-Oklahoma incorporation and the allegedly fraudulent joinder of Defendants Robinson and Garland. *See* Notice of Removal (Doc. No. 1) at 6-11; 28 U.S.C. §§ 1332, 1441, 1446(b)(3). Plaintiff then filed his Motion to Remand.

III. *Whether CPIC Has Met Its Burden to Prove Diversity Jurisdiction*

A defendant may remove a case pending in state court to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "Removal statutes are to be strictly construed, and all doubts

2

are to be resolved against removal." *Fajen v. Found. Res. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

The relevant statute prescribes that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Jurisdiction under § 1332(a) requires complete diversity among the parties— i.e., the citizenship of all defendants must be different from the citizenship of all plaintiffs. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

It is undisputed that the amount in controversy requirement is met and that Plaintiff is a citizen of Oklahoma for diversity purposes. *See* Pet. ¶¶ 1, 22, 29, 47. CPIC is an Illinois insurance company that maintains its corporate headquarters in Bloomington, Illinois. *Id.* ¶ 4. Defendants Robinson and Garland are alleged to be residents of the State of Oklahoma and Oklahoma citizens for diversity purposes. *See id.* ¶¶ 2-3. Therefore, complete diversity does not exist among the parties.

IV. *Plaintiff's Motion to Remand*

CPIC argues that the Court should nevertheless retain jurisdiction over this action because Defendants Robinson and Garland were fraudulently joined by Plaintiff in an effort to defeat removal. *See* Def.'s Resp. at 8-19. The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

As support, CPIC points to Plaintiff's Initial Disclosures, which were mailed on

August 23, 2023, and received by mail by CPIC on September 6, 2023. *See* Notice of Removal at 5-6. According to CPIC, "CPIC's receipt of Initial Disclosures from Plaintiff on September 6, 2023 made it clear to CPIC" that Defendants Robinson and Garland were fraudulently joined, such that removal would be timely based on receipt of these Initial Disclosures. *Id.* at 6. As support, CPIC cites the fact that these disclosures "are directed only to CPIC and do not reference any damages Plaintiff seeks from Robinson or Garland." *Id.* at 4. CPIC represents that this aspect of this "key document" "made clear the Plaintiff's intentions and solidified, in light of the other facts available at that time, that Garland and Robinson are nominal defendants." Def.'s Resp. at 8.[1]

In seeking to remand this action, Plaintiff denies that these defendants were fraudulently joined but argues that, even assuming they were, this case is not properly before the Court because CPIC's removal was untimely under § 1446(b). According to Plaintiff, the cited Initial Disclosures did not provide any basis to support removal that had not already been known to CPIC and therefore cannot be relied upon as the "paper from which it [could] first be ascertained that the case [wa]s . . . removable." 28 U.S.C. § 1446(b)(3). As any information as to the allegedly fraudulent joinder was known by CPIC more than 30 days before October 2, 2023, Plaintiff asserts, this matter should be remanded back to state court. *See* Pl.'s Mot. to Remand at 8-20.

As relevant here, 28 U.S.C. § 1446(b)(1) prescribes that the notice of removal "shall

---

[1] CPIC argues that these defendants' fraudulent joinder can be shown by both Plaintiff's failure to pursue his claims against them and Plaintiff's inability to obtain relief on those claims if pursued. *See* Def.'s Resp. at 8-19.

4

be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). As noted, Plaintiff filed his Petition in state court on March 8, 2023; it was served upon CPIC on March 13, 2023. Notice of Removal at 4. CPIC argues that its October 2, 2023 removal was timely, however, due to another provision of the statute:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3); *see* Notice of Removal at 5-6.

Having reviewed the Initial Disclosures (supplied to the Court by Plaintiff) and the remainder of the record, the Court agrees with Plaintiff that removal on the basis of this document was improper. *See* Pl.'s Initial Disclosures (Doc. No. 6-7). As an initial matter, the relevant statute requires the disclosing party to "provide to other parties a computation of any category of damages claimed." Okla. Stat. tit. 12, § 3226(A)(2)(a). Importantly, the disclosing party "shall make its initial disclosures based on the information then readily available to it." *Id.* § 3226(A)(2)(c). The disclosures made to CPIC by Plaintiff are a boilerplate recitation of damages categories, lacking any specificity whatsoever, and are identified as "COMPUTATION OF ANY CATEGORY OF DAMAGES CLAIMED *AS TO DEFENDANT COUNTRY PREFERRED INSURANCE COMPANY*." Pl.'s Initial Disclosures at 1-3 (emphasis added). At the time Plaintiff served his Initial Disclosures upon CPIC, Defendants Garland and Robinson had been served, but had not answered or otherwise appeared to defend themselves in the lawsuit,

5

and appeared to be in default. *See* Notice of Removal at 2-3. Further, Plaintiff's counsel has represented to the Court that it is his practice "to serve each named defendant with individualized initial disclosures." Pl.'s Mot. to Remand at 9. CPIC fails to adequately explain how Plaintiff's omission of a request of damages from those two individuals, standing alone, was improper or evidenced Plaintiff's intent to sue those individuals solely to prevent removal of this case.

In addition, Plaintiff argues that any information gleaned by CPIC regarding Plaintiff's intentions was equally apparent from CPIC's receipt of Plaintiff's Answers to CPIC's Requests for Admission (Doc. No. 1-21). *See* Pl.'s Mot. to Remand at 8. CPIC essentially concedes this point, *see* Notice of Removal at 9, but argues that CPIC did not receive Plaintiff's Answers by mail until September 6, 2023—within the § 1446(b)(3) 30-day time frame for removal. *See* Def.'s Resp. at 5. The record reflects, however, that Plaintiff transmitted the Answers to CPIC via fax on August 23, 2023. *See* Pl.'s Mot. to Remand at 8; *id.* Ex. 4, Fax Confirmation (Doc. No. 6-4). Although CPIC objects that it did not consent to service by fax, removal under § 1446(b)(3) is premised upon receipt of the relevant paper "through service *or otherwise*." 28 U.S.C. § 1446(b)(3) (emphasis added); *see* Def.'s Resp. at 5-6; Pl.'s Reply at 1-2.

For all these reasons, and in light of the strict construction afforded removal statutes, the Court concludes that removal of this diversity action is untimely under 28 U.S.C. § 1446(b) and remand is appropriate. *See Fajen*, 683 F.2d at 333; *Penteco Corp.*, 929 F.2d at 1521; *Tribe Collective, LLC v. Kinsale Ins. Co.*, No. CIV-22-788-PRW, 2023 WL

4401102, at *3 (W.D. Okla. July 7, 2023).[2]

## CONCLUSION

The Motion to Remand (Doc. No. 6) filed by Plaintiff Edward Wayne Spargur therefore is GRANTED.

The Court REMANDS this matter to the District Court of Oklahoma County, Oklahoma, and DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 30th day of September, 2024.

*[signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge

---

[2] Plaintiff seeks an award of the fees and costs incurred in seeking remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "While an award of fees is within the discretion of the Court, 'absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Graham v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-793-PRW, 2020 WL 1699554, at *2 (W.D. Okla. Apr. 8, 2020) (alteration and footnote omitted) (quoting *Martin v. Franklin Cap. Co.*, 546 U.S. 132, 141 (2005)). While unsuccessful, the Court does not find that CPIC lacked an objectively reasonable basis and so declines to award fees and costs in this matter.